IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

ROBERT ROTH,

        Plaintiff,                                  ORDER

    v.

                                                             08-cv-473-bbc

DR. GLEN HEINZL,

        Defendant.

_____

Plaintiff claims that defendant Dr. Glen Heinzl violated his Eighth Amendment rights by failing to treat his ongoing back pain that was caused by a fall on February 18, 2008. Now before the court is defendant's motion to compel plaintiff to sign a medical release. Plaintiff's response to this motion was to be filed no later than January 19, 2008 and has not been filed. I am granting the motion in relevant part.

On October 30, 2008, defendant's lawyer sent plaintiff an "Authorized and Informed Consent for Use and Disclosure of Medical Information" form that authorized release of all plaintiff's medical records. Plaintiff signed the form then revoked it. On November 10, 2008, defendant's attorney sent plaintiff a second blank authorization form. Plaintiff did not sign the form and sent defendant's attorney a letter saying the release of all his medical records was overbroad. He suggested that the release form be limited to the period between February and July 2008 because this was the period relevant to his lawsuit. Instead of responding to this letter, defendant filed his motion to compel plaintiff to sign the form releasing all his medical records.

I can see the relevance of any medical records, regardless of date, that address plaintiff's back pains and injuries, since pre-existing injuries are relevant to what plaintiff claims happened

following his fall. Because defendant has provided no reason for needing plaintiff's other medical records, defendant must limit his request for authorization of release of all his medical records from February 2008 to the present, AND all records, regardless of date, that involve back pains or injuries.

This court will not force plaintiff to sign any medical release, but if plaintiff is unwilling to sign this limited release, then this decision likely will result in dismissal of his claim concerning his medical treatment.

## ORDER

IT IS ORDERED that defendant's motion to compel plaintiff to sign the authorization for the release of all his medical records is GRANTED IN PART and DENIED IN PART as indicated above. Defendant promptly shall provide plaintiff with a modified form and plaintiff shall promptly sign it or advise defendant that he declines to sign it.

Entered this 30th day of January, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge