IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT ROTH,

                Plaintiff,

OPINION AND ORDER

08-cv-473-bbc

    v.

DR. GLEN HEINZL,
Medical Physician,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action for injunctive relief brought under 42 U.S.C. § 1983, plaintiff Robert Roth claims that defendant Dr. Glen Heinzl violated his Eighth Amendment rights by failing to treat his ongoing back pain that was caused by a fall on February 18, 2008. On January 12, 2009, defendant filed a motion to compel plaintiff to sign a medical release. In a January 30, 2009 order, Magistrate Judge Crocker granted that motion in part, explaining that in order to avoid dismissal of his case, plaintiff would need to sign a form authorizing release of all his medical records from February 2008 to the present, and all records, regardless of date, that involve back pains or injuries. Now defendant has filed a motion to dismiss the case, arguing that plaintiff has refused to sign a modified authorization form. Also, defendant has filed a motion to stay the April 13, 2009 dispositive motions deadline

1

pending disposition of the motion to dismiss, and for a 60-day extension of the deadline should the motion to dismiss be denied. I will deny the motion to dismiss because plaintiff has signed a modified form that adequately explains the restrictions on authorization set forth in the January 30 order. The motion to stay will be denied as moot because this order resolves the motion to dismiss. Defendant's motion to extend the dispositive motions deadline 60 days will be granted in part. I will extend the dispositive motions deadline two weeks, to April 27, 2009.

Plaintiff does not dispute the following relevant averments of fact set forth in the affidavit of Assistant Attorney General Melissa Rhone.

## UNDISPUTED FACTS

On February 5, 2009, after Magistrate Judge Crocker issued an order saying the case would be dismissed unless plaintiff signed a form authorizing release of all his medical records from February 2008 to the present, and all records, regardless of date, that involve back pains or injuries, the assistant attorney general sent plaintiff a modified authorization form. The form was modified by placing an asterisk next to the heading titled "A. Protected Health Information to Be Used and Disclosed." The footnote said: "This authorization applies only to those medical records maintained in the institution's health services unit dated February 1, 2008 to the present time <u>and</u> all records, regardless of date, that involve

2

back pains or injuries."

Plaintiff returned the form, signing it, but also crossing out the text appearing under the "Protected Health Information to Be Used and Disclosed" heading.  The crossed-out text defines the type of information that may be disclosed under the authorization, including "all records, reports, documents, materials, notes, memoranda, correspondence, x-rays, photographs, insurance forms, and all billings . . . relat[ing] to my physical or mental condition . . . ."  Next to the asterisk, plaintiff wrote "see below for details."  Plaintiff did not cross out the heading itself, the asterisk or the footnote explaining the limitations on authorization.  On February 11, the assistant attorney general sent plaintiff a modified authorization form that reintroduced the portion of the form plaintiff had crossed out but that was otherwise identical to the form plaintiff had signed and returned to defendant.  Plaintiff did not sign and return that form.

OPINION

In his motion to dismiss, defendant states that plaintiff has "fail[ed] to provide the defendant with a medical authorization necessary for the defense of this case."  Assistant Attorney General Rhone avers that "plaintiff has failed to provide the defendants with a signed [authorization form]" and that "[t]o date, [plaintiff] has not signed and returned the modified authorization form sent to him on February 5 and 11, 2009.  This last statement

3

is a bit confusing. As counsel states in her affidavit, she did receive one signed modified authorization form, albeit one that had been altered by plaintiff. Thus the issue is not whether plaintiff failed to sign an authorization form, but rather whether his alteration narrowed the field of information authorized for release, effectively denying authorization of information that Magistrate Judge Crocker deemed essential in his January 30, 2009 order.

In his brief in opposition to defendant's motion to dismiss, plaintiff says that he crossed out the language under the heading "Protected Health Information to Be Used and Disclosed" in order to draw attention to the fact that the section's extremely broad language no longer applied. It appears he is concerned that the modified form he received does not make it clear that there are limitations on the scope of information that can be released pursuant to the January 30, 2009 order, thus possibly leading to the release of irrelevant sensitive medical information. He has a point. The broad standard language under the heading "Protected Health Information to Be Used and Disclosed" is prominently displayed as Section A of the authorization. Tucked away in a footnote is the most important part of the authorization: the explanation that plaintiff limits his authorization to records from February 2008 to the present, and all records, regardless of date, that involve back pains or injuries. Plaintiff's deletion of the broad language and his insertion of "see below for details" to the heading "Protected Health Information to Be Used and Disclosed" serve to draw

attention to this crucial information.

This leaves the question whether plaintiff's alterations make the document ambiguous in such a way that health care providers will not provide defendant with the relevant information. This should not be a problem. Plaintiff did not cross out the footnote explaining the relevant limitations on authorization; if anything his alterations draw more attention to it. Health care providers should be able to read the authorization and provide the appropriate information. Should defendant have problems obtaining medical records, he is free to raise the issue with the court.

With the resolution of the motion to dismiss, defendant has no need for a stay of the dispositive motions deadline. That motion will be denied as moot. Defendant's motion to extend the dispositive motions deadline 60 days will be granted in part. I will extend the dispositive motions deadline two weeks, to April 27, 2009.

ORDER

IT IS ORDERED that:

1. Defendant's motion to dismiss (dkt. #22) is DENIED.

2. Defendant's motion to stay the dispositive motions deadline pending disposition of the motion to dismiss (dkt. #27) is DENIED as moot.

3. Defendant's motion to extend the dispositive motions deadline 60 days (dkt. #27)

is PARTIALLY GRANTED. The dispositive motions deadline is extended two weeks, to April 27, 2009.

Entered this 6th day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge