IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT ROTH,

                                    OPINION and ORDER

                Plaintiff,

                                    08-cv-473-bbc

      v.

DR. GLEN HEINZL,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is civil action for monetary and injunctive relief brought under 42 U.S.C. § 1983. Plaintiff Robert Roth, a Wisconsin state inmate, contends that defendant Dr. Glen Heinzl violated his Eighth Amendment rights by denying him treatment for his back pain from May 6, 2008 until August 1, 2008. Jurisdiction is present. 28 U.S.C. § 1331.

      Now before the court is defendant's motion for summary judgment in which he argues that he was not deliberately indifferent toward plaintiff's condition because plaintiff received continuous treatment for his back pain and plaintiff's dissatisfaction with treatment does not give rise to a constitutional violation. Because I conclude that plaintiff cannot prevail on his claim that defendant violated his Eighth Amendment rights, I will grant defendant's motion for summary judgment. Although the treatment may not have relieved

1

plaintiff's ongoing pain, plaintiff has not adduced sufficient evidence to show that defendant's treatment was constitutionally inadequate.

The facts in this case are straightforward and largely undisputed. In those instances in which proposed findings of fact and responses constitute legal conclusions or are argumentative, I have ignored the proposals. Also, I have disregarded the proposed facts concerning incidents occurring after August 1, 2008, as they are not relevant to plaintiff's complaint. From the parties' proposed findings of fact and the record, I find that the following facts are material and undisputed:

## FACTS

Plaintiff Robert Roth is an inmate at New Lisbon Correction Institution. Defendant Dr. Glen Heinzl is a physician employed by the Wisconsin Department of Corrections, Division of Adult Institutions, Bureau of Health Services at New Lisbon Correctional.

On February 18, 2008, plaintiff submitted a request form to the Health Services Unit at New Lisbon Correctional, stating he had injured his back shoveling snow. Plaintiff was seen the next day by the nursing staff, who determined that he was experiencing muscular pain. On that same day, defendant examined plaintiff and prescribed a week of Tylenol#3, which contains the narcotic codeine. At this time, plaintiff was also receiving naproxen, a non-narcotic pain reliever, for a pre-existing condition.

2

On February 25, plaintiff was seen by the nursing staff for back pain. Defendant decided not to renew plaintiff's prescription for Tylenol#3 because he had prescriptions for naproxen and acetaminophen. The following day, plaintiff was seen by the nursing staff for tenderness and tightness in the mid-lower back. That day, defendant prescribed plaintiff Cyclobenzapine, a muscle relaxant, for 10 days, and re-ordered Tylenol#3 for 10 days.

On February 29, plaintiff was seen by the nursing staff, complaining that the medications were not working and saying that other inmates were receiving the narcotic pain reliever Oxycontin. Defendant consulted with the staff and determined there was no need to change plaintiff's prescriptions.

On March 10, plaintiff was seen by another physician at New Lisbon, who prescribed two weeks of Vicodin, which contains the narcotic hydrocodone. (The parties do not identify this physician.)

On March 17, defendant ordered x-rays to be taken of plaintiff's spine and ordered a prescription of Vicodin. The following day, the x-rays of plaintiff's back were taken, indicating no obvious separation or dislocation of his lower back area. The x-rays also revealed that plaintiff exhibited age-related degenerative changes to the spine, but no obvious injuries as a result of the February fall. Defendant renewed plaintiff's Vicodin prescription through March and April of 2008.

On May 6, defendant advised plaintiff that narcotic pain relievers were not intended

3

to be permanent treatment and that he would be tapering off the Vicodin over the next three weeks. That day, defendant lowered the dosage of hydrocodone in the Vicodin prescription from 10mg to 7.5mg for two weeks, to be followed by a week of 5mg.

On May 30, defendant saw plaintiff in the Health Services Unit at New Lisbon and ordered another x-ray and a three-month prescription of naproxen. On June 3, a radiology report indicated no fracture or subluxations; the lower thoracic spine showed minimal degenerative disc disease. On June 23, plaintiff was seen at the Health Services Unit for complaints of back pain and requested an MRI. The next day, defendant reviewed the nursing staff's notes and determined that an MRI or a cat scan was not necessary because plaintiff's pain was inconsistent and non-localized. On July 8, defendant renewed plaintiff's Naproxen prescription for 6 months.

## OPINION

### A. Summary Judgment Standard

A motion for summary judgment shall be granted to the moving party if there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c), Celotex Corp. v. Catrett, 477 U.S. 317 (1986). In deciding a motion for summary judgment, the court must view all facts and draw all inferences from those facts in the light most favorable to the non-moving party. Schuster v. Lucent Technologies, Inc., 327 F.3d 569, 573 (7th Cir. 2003). However, the

4

non-moving party may not simply rest on its allegations; rather, it must come forward with specific facts that would support a jury's verdict in its favor. <u>Van Diest Supply Co. v. Shelby County State Bank</u>, 425 F.3d 437, 439 (7th Cir. 2005).

### B. Eighth Amendment and Deliberate Indifference

The Eighth Amendment prohibits punishments that involve "unnecessary and wanton infliction of pain . . . that are totally without penological justification." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 346 (1981). To prevail ultimately on a claim under the Eighth Amendment, a prisoner must prove that the defendant engaged in "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). This standard contains an objective and a subjective component.

First, an inmate's medical need must be objectively serious. A condition meets this standard if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." <u>Greeno v. Daley</u>, 414 F.3d 645, 653 (7th Cir. 2005). In this case, the parties do not dispute that plaintiff has a serious medical need. Therefore, I will assume that he does.

Second, the subjective element of a denial of medical care claim requires a showing that the prison official acted with a sufficiently culpable state of mind. <u>Gutierrez v. Peters</u>, 111 F.3d 1364, 1369 (7th Cir. 1997). The official "must 'both be aware of facts from which

5

the inference could be drawn that a substantial risk of serious harm exists' and 'must also draw the inference.'" Greeno, 414 F.3d at 653 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  However, deliberate indifference may be inferred "only when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." Estate of Cole by Pardue v. Fromm,  94 F.3d 254, 261-262 (7th Cir. 1996).

Plaintiff contends that defendant's decision to stop all treatment for plaintiff's back injury once plaintiff was able to engage in therapeutic exercises on May 6, 2008, constitutes deliberate indifference.  However, defendant did not stop all treatment.  The undisputed facts show that plaintiff received treatment from May 6 to August 1, 2008, including in-person examinations, x-rays and prescriptions for non-narcotic painkillers.

Plaintiff takes issue with defendant's decision not to provide the medication and treatment he desired, specifically, prescriptions for Vicodin and ordering MRIs.  However, "a mere disagreement with the course of the inmate's medical treatment does not constitute an Eighth Amendment claim of deliberate indifference." Snipes v. DeTella, 95 F.3d at 591; see also, Estelle, 429 at 107 (decision whether to order particular treatment for back injury, such as an x-ray, is classic example of medical judgment and does not represent cruel and unusual punishment).  Moreover, it is well established that medical professionals are entitled

6

to deference in their choice of treatment decisions unless their decision were substantial departures from accepted practice. Sain v. Wood, 512 F. 3d 886, 894-95 (7th Cir. 2008). The undisputed facts indicate that defendant's decisions were based on his professional medical judgment.

To withstand a motion for summary judgment, plaintiff must offer more than allegations that defendant's medical decisions were improper. There must be evidence, such as expert testimony, suggesting that defendant's decisions fell substantially below standard medical judgment. Plaintiff has produced no such evidence and he cannot show the defendant acted with deliberate indifference.

Additionally, to ultimately succeed on his claim, plaintiff must adduce evidence that creates an inference that the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" plaintiff's serious medical condition. Snipes, 95 F. 3d at 592. In other words, plaintiff must show that he was injured as a result of defendant's decision to deny him medication, not schedule an MRI or undertake an alternative course of treatment. Williams v. Liefer, 491 F.3d 710, 714-16 (7th Cir. 2007)("[A] plaintiff must offer medical evidence that tends to confirm or corroborate a claim that the delay [in treatment] was detrimental" to his health.); Langston v. Peters, 100 F.3d 1235, 1240-41 (7th Cir. 1996) (plaintiff failed to produce evidence that delay in treatment caused a serious injury). Apart from his own subjective belief, plaintiff has submitted no

7

evidence that any action or failure to act by defendant seriously aggravated plaintiff's condition.  This is not enough.  Id., at 1240 ("[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed.")

No reasonable fact finder could conclude from the undisputed facts that defendant was deliberately indifferent to plaintiff's serious medical needs.  Defendant never stopped treating plaintiff between May 6 and August 1, 2008, and plaintiff offers no evidence from which a fact finder could conclude that this treatment was substantially below standard medical judgment or that it aggravated his injury.  Accordingly, defendant's motion for summary judgment will be granted.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendant Dr. Glen Heinzl, dkt. #29, is GRANTED.  The clerk of court is directed to enter judgment in

defendant's favor and close this case.

Entered this 5th day of August, 2009.

                                  BY THE COURT:

                                  /s/

                                  BARBARA B. CRABB
                                  District Judge